UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VILAIRE CHARLOT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN CHARLES GREEN,<br><br>　　　　Respondent. | Civ. No. 15-7706 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

### I.　INTRODUCTION

The petitioner, Vilaire Charlot, is an immigration detainee at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

### II.　BACKGROUND

Mr. Charlot is a native and citizen of Haiti. He initially entered the United States in 1991 on a non-immigrant visa with authorization to stay for up to six months, but he remained in the United States well past that authorized deadline. In 1998, he was convicted in Florida of burglary with assault or battery therein while armed, robbery/carjacking/armed and aggravated fleeing/high speed chase. He was sentenced to ten years of imprisonment on the first two counts and five years on the third count. On March 26, 1999, Mr. Charlot was ordered removed from the United States by an Immigration Judge ("IJ"). Mr. Charlot was removed on October 20, 2003.

On January 20, 2010, Mr. Charlot reentered the United States and identified himself as a United States citizen. However, a biometric search revealed that Mr. Charlot had been removed from the United States in 2003.

On July 7, 2010, Mr. Charlot was convicted Florida of the federal offense of falsely claiming United States citizenship. On October 4, 2010, Immigration Customs Enforcement ("ICE") issued a notice of intent/decision to reinstate Mr. Charlot's prior order of removal. It does not appear, however, that Mr. Charlot was actually removed at that time; instead, he remained within the United States.

On April 1, 2015, Mr. Charlot was arrested in New Jersey for simple assault. He has been in immigration detention since that time.

On April 24, 2015, Mr. Charlot was served with an administrative Notice to Appear, charging that he was admitted to the United States but is removable. Mr. Charlot was charged as being: (1) a nonimmigrant who is not in possession of a valid nonimmigrant visa or border crossing identification card; (2) "an alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for a purpose or benefit under the [Immigration and Nationality] Act"; and (3) an alien who has been convicted of an act which constitute the essential elements of a crime involving moral turpitude (citing the 2010 conviction for falsely claiming United States citizenship). (*See* Dkt. No. 10-5 at p. 5)

On December 23, 2015, an IJ ordered Mr. Charlot removed to Haiti. Mr. Charlot waived his right to appeal the order of removal.

In October 2015, however—prior to the December 23, 2015 order of removal and waiver of appeal—Mr. Charlot filed this federal habeas petition. The petition asserts that the length of his detention at the time (approximately seven months) was excessive and violative of his due

process rights. He requests his release from immigration detention or a bond hearing before a neutral judge. The government submitted its response on January 8, 2015. Mr. Charlot submitted a letter to this Court dated January 11, 2016, which this Court construes as his reply in his support of his habeas petition.

### III. DISCUSSION

Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the

3

> Attorney General, or upon overstay of the voluntary departure
> period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982
> of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)
> of this title or who has been determined by the Attorney General to
> be a risk to the community or unlikely to comply with the order of
> removal, may be detained beyond the removal period and, if
> released, shall be subject to the terms of supervision in paragraph
> (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States,* 495 F. App'x 274, 276–77 (3d Cir. 2012) (per curiam) (citing *Zadvydas,* 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas,* 533 U.S. at 701.

Mr. Charlot is not now entitled to federal habeas relief. On December 23, 2015, the IJ ordered him removed on December 23, 2015, and he waived his right to appeal. He has therefore

4

been in post-removal immigration detention for less than one month. He is still within the mandatory ninety-day removal period, as well as the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*.

Mr. Charlot's habeas petition states in conclusory fashion that his removal is not likely to occur in the reasonably foreseeable future. He provides no facts to support such a statement. Nor does the short period of post-removal detention (one month) suggest such an inference that removal cannot be accomplished promptly. *See Ndrecaj v. Holder*, No. 12-4176, 2012 WL 3133692, at *4 (D.N.J. July 21, 2012) (petitioner alleged no facts to support conclusion that there is good reason to believe that there is no likelihood of removal in the reasonably foreseeable future as required by *Zadvydas*). Accordingly, his challenge to his post-removal immigration detention is premature and will be denied without prejudice. *Accord Grossett v. Muller*, No. 13-0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, such a habeas claim may be reasserted.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: January 20, 2016

KEVIN MCNULTY
United States District Judge