UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VILAIRE CHARLOT, : | |
| Petitioner, : | Civ. No. 15-7706 (KM) |
| v. : | |
| WARDEN CHARLES GREEN, : | **OPINION** |
| Respondent. : | |

The petitioner, Vilaire Charlot, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention. On January 20, 2016, this Court denied Mr. Charlot's habeas petition without prejudice. This Court determined that Mr. Charlot had been in post-removal immigration detention for only approximately one month. Thus, he was not entitled to federal habeas relief as the length of his post-removal immigration detention was not approaching the six-month time frame still presumed reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On February 16, 2016, this Court received a letter from Mr. Charlot. The letter makes three main points. First, Mr. Charlot challenges his order of removal. Second, Mr. Charlot complains about the conditions of his confinement at the Essex County Correctional Facility. Finally, Mr. Charlot argues against his continued immigration detention. Mr. Charlot does not state the exact purpose of this filing with this Court. It is possible that Mr. Charlot has filed this letter seeking reconsideration of this Court's prior Opinion and Order that denied his habeas petition without prejudice because he does (at least in part) complain about his continued immigration detention. Accordingly, I will order the Clerk to reopen this action so that the issues

Mr. Charlot presents in his letter, construed as a request for reconsideration of my earlier order, can be discussed and analyzed.

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

Mr. Charlot's letter meets none of the requirements for this Court to grant his request for reconsideration. Indeed, Mr. Charlot's letter raises new issues about the validity of his order of removal and his conditions of confinement that were not previously raised as issues in his habeas petition. At the outset, this Court notes that "[a] motion for reconsideration cannot be used to 'relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment.'" *Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir.2009) (quoting *Michael Linet, Inc. v. Vill.*, 408 F.3d 757, 763 (11th Cir.2005))).

Even if this Court were to consider Mr. Charlot's new claims, however, they would not entitle him to federal habeas relief.

Mr. Charlot's letter appears to contest his order of removal. Such a challenge cannot be brought in this Court. The REAL ID Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter,* except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 or Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). The REAL ID's modifications to former law "effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Bonhometre v. Gonzales,* 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively strips a District Court of jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks,* No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. United States,* 549 F.3d 235, 244–45 (3d Cir. 2008); *Appiah v. United States Customs & Immigration Serv.,* No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego-Gomez v. Clancy,* No. 11-5942, 2011 WL 5288590, at *2 (D.N.J. Nov. 2, 2011), *aff'd,* 458 F. App'x 91 (3d Cir. 2012); *Calderon v. Holder,* No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see*

*also Duvall v. Attorney Gen. United States,* 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. United States,* 424 F.3d 320, 326 (3d Cir. 2005) ( "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

Mr. Charlot next complains about the conditions of his confinement at the Essex County Correctional Facility. Such a conditions-of-confinement claims cannot simply be appended to a request for reconsideration of a habeas petition. They must be brought in a civil rights action under 42 U.S.C. § 1983. *See Woodruff v. Williamson,* 362 F. App'x 263, 265-66 (3d Cir. 2010); *see also Brown v. Warden Lewisburg USP,* 601 F. App'x 85, 86 (3d Cir. 2015) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims); *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'- the validity of the continued conviction or the fact or length of the sentence-a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Finally, Mr. Charlot's letter complains about the length of his continued immigration detention. His detention, one month at the time of my prior order, is now about three months in duration. It still does not approach the six month threshold of *Zadvydas,* so the mere passage of time provides no basis for reconsideration. Nor does Mr. Charlot's letter state any intervening change in controlling law, new evidence that was previously unavailable to him when this Court

4

ruled on his habeas petition, or any need to correct a clear error of law or fact or to prevent manifest injustice. Accordingly, he fails to show that this Court should reconsider its denial of his habeas petition without prejudice.

The letter received by this Court on February 16, 2016, which has been construed as a request for reconsideration, will be denied. An appropriate order will be entered.

DATED: March 21, 2016

_____
KEVIN MCNULTY
United States District Judge